CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

June 26, 2017

**LETTER OPINION**

**VIA CM/ECF**
All counsel of record

Re: *Professional Orthopedic Associates, PA, et al. v. Amalgamated Local 298*
Civil Action No. 14-5380 (MAS) (LHG)

Dear Counsel:

    This matter comes before the Court on Cross Motions for Summary Judgment. Defendant Amalgamated Local 298 ("Defendant") filed a Motion for Summary Judgment (ECF No. 65), and Plaintiffs Professional Orthopedic Associates, PA and Jason Cohen, M.D., F.A.C.S. (collectively, "Plaintiffs") filed a Cross Motion for Summary Judgment[1] (ECF No. 66). Defendant filed a brief in opposition to Plaintiffs' Motion. (ECF No. 67.) Plaintiffs replied in support of Plaintiffs' Motion (ECF No. 70), and Defendant replied in support of Defendant's Motion (ECF No. 71). The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Defendant's Motion for Summary Judgment is DENIED and Plaintiffs' Motion for Summary Judgment is GRANTED.

    In an earlier decision in this matter, the Court determined that "Defendant did not substantially comply with the notice requirements" under 29 C.F.R. § 2560.503-1. (June 17, 2016 Bench Decision Tr. 7:14-15, ECF No. 58.) In reaching its previous decision, the Court first

---

[1] In both Plaintiffs' original summary judgment motion and their pending summary judgment motion, Plaintiffs failed to comply with Local Civil Rule 56.1. Specifically, Plaintiffs' statements of undisputed material facts ("SUMF") generally failed to "cit[e] to the affidavits and other documents submitted." L.Civ.R. 56.1(a); (*see* Pls.' SUMF, ECF No. 37-10; Pls.' SUMF, ECF No. 66-2.) Further, both parties' statements in response to the other parties' SUMF were deficient. (Def.'s Resp. to Pls.' SUMF, ECF No. 67-1; Pls.' Resp. to Def.'s SUMF, ECF No. 70-2.) Both parties' responsive statements failed to "cit[e] to the affidavits and other documents" in support of the factual disputes raised. L.Civ.R. 56.1(a). Moreover, both parties generally failed to offer more than a conclusory denial of the other parties' proposed factual allegations. *See Juster Acquisition Co. v. N. Hudson Sewerage Auth.*, No. 12-3427, 2014 WL 268652, at *1 n.1 (D.N.J. Jan. 23, 2014) ("[A]ny statement, or portion thereof, that is not clearly denied—in **substance**, not merely with the label 'disputed'—and with a proper citation to the record in a responsive Rule 56.1 statement is deemed admitted."). **_In future submissions, the Court will not consider the allegations or disputes that fail to comply with Rule 56.1._**

acknowledged that "Plaintiffs did not receive the second [Explanation of Benefits ('EOB')] for an additional 506 days," upon receiving additional medical records from Plaintiffs. (*Id.* at 7:17-19.) The Court further determined that "this [procedural] irregularity coupled with the lack of information provided in either EOB and change in the benefit's determination between the EOBs cast[ed] doubt on Defendant's substantive conclusion." (*Id.* at 7:24-8:2.) The Court, accordingly, remanded the case "to the plan administrator to provide Plaintiffs with an [EOB] that complies with the statute and regulations." (*Id.* at 9:3-6.) In response to the Court's Order, Defendant delivered a new EOB to Plaintiffs. (Cutro Aff. Ex. I, ECF No. 65-9.) Plaintiffs now argue that that the new EOB again fails to comply with the applicable regulations. (*See generally* Pls.' Moving Br., ECF No. 66-1; Pls.' Reply Br., ECF No. 70.)

Here, in light of Defendant's benefit determination to pay $23,091.74 of Plaintiffs' claim for $205,357.00, the requirements under 29 C.F.R. § 2560.503-1(g)(1) apply to the new EOB.[2] Specifically, Plaintiffs argue that the new EOB violates Section 2560.503-1(g)(1) for failure to: (1) set forth the specific reason for the adverse determination; (2) reference specific plan provisions on which the determination was made; (3) set forth additional material or information necessary for Plaintiffs to perfect their claim; (4) identify the insurance company that prices in-network claims; and (5) include pricing information for Blue Cross Blue Shield.[3] (Pls.' Moving Br. 7-8.)

In deciding this matter, the Court finds persuasive the Honorable Freda L. Wolfson, U.S.D.J.'s recent decision in *C.E. v. Excellus Blue Cross Blue Shield*, No. 14-6950, 2017 WL 593492 (D.N.J. Feb. 14, 2017). In *Excellus*, Judge Wolfson determined that an EOB provides an adequately specific reason for an adverse determination "when it specifically explains, for example, . . . [that] the charges exceeded the reasonable and customary fees." *Id.* at *10 (internal quotations omitted). Accordingly, the new EOB has satisfied this requirement. Additionally, the Court finds that Plaintiffs have failed to demonstrate any additional information the EOB should have identified as being relevant to Plaintiffs' claim.[4] (Pls.' Moving Br. 9-10 (providing only cursory analysis).)

---

[2] In its Opposition Brief, Defendant argues that "there was no denial of benefit and/or no adverse benefit determination" because Defendant "reimbursed the claim at issue at the highest appeal rate that the Plan applies." (Def.'s Opp'n Br. 9, ECF No. 67.) Defendant argues that 29 C.F.R. § 2560.503-1(g)(1), therefore, does not apply. (*Id.*) Defendant, however, offers only cursory analysis and provides no authority for its proposition that a proper denial of reimbursement for a claim exempts the initial determination from 29 C.F.R. § 2560.503-1(g)(1).

[3] Plaintiffs also argue that that they provided Defendant "with contradictory information showing that payments to POA and Dr. Cohen would have been *higher* had [Defendant] used the pricing from Blue Cross/Blue Shield." (Pls.' Moving Br. 7.) Defendant, however, notes that this information merely consisted of EOBs from unrelated plans. (Def.'s Opp'n Br. 11.) Plaintiffs fail to respond to this issue in their Reply Brief.

[4] Similarly, Plaintiffs provide no authority for requiring an EOB to identify the Dickinson Group. (*See* Pls.' Moving Br. 10.) Based on the parties' submissions, the Court, therefore, does not find that the EOB is required to identify the Dickinson Group.

2

The Court, however, agrees with Plaintiffs that the new EOB is deficient because it fails to reference specific Plan provisions and include adequate information with respect to the Captiva rate. As in *Excellus*, the new EOB merely contains general references to "the Plan" or the "terms of the Plan" and lacks reference to specific Plan provisions. *See Excellus*, 2017 WL 593492, at *10; (Cutro Aff. Ex. I, at 1-5.) Additionally, "[w]hile [Defendant] is not required to divulge all of the calculations utilized to determine the local fees, . . . it was required to identify, at the very least, what fee schedule was used as the local rates." *Excellus*, 2017 WL 593492, at *10. Defendant, therefore, was not required to identify the data underlying its formulation of the rates (i.e., the Context 4 HealthCare database) or methodology for calculating the rates, but was required to state that it applied the Captiva rate in the EOB. Accordingly, Defendant's failure to comply with Section 2560.503-1(g)(1) "negatively impacted . . . [Plaintiffs'] ability to have a full and fair review." *Id.*

For the foregoing reasons, the Court again remands to the plan administrator to issue a compliant EOB. The Court, therefore, DENIES Defendant's Motion for Summary Judgment and GRANTS Plaintiffs' Motion for Summary Judgment.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE