UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PROFESSIONAL ORTHOPEDIC
ASSOCIATES, PA, et al.,

      Plaintiffs,

v.

AMALGAMATED LOCAL 298,

      Defendant.

Civil Action No. 14-5380 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiffs Professional Orthopedic Associates, PA and Jason Cohen, M.D., F.A.C.S.'s (collectively "Plaintiffs") "Certification of Gavin I. Handwerker, Esq. in Support of Plaintiffs' Request for Attorneys Fees." (ECF No. 77.) Defendant Amalgamated Local 298 ("Defendant") opposed (ECF No. 78, 79). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and other good cause shown, Plaintiffs' request for Attorneys' Fees is DENIED.

On February 19, 2016, the Court granted a motion for summary judgment in favor of Plaintiffs. (Feb. 19, 2016 Order, ECF No. 53.) The Order stated that Plaintiffs "may file a petition for attorneys' fees within thirty (30) days." (Feb. 19, 2016 Order ¶ 3.) On March 10, 2016, Plaintiffs submitted a "Certification in Support of Plaintiffs' Request for Attorneys Fees" but did not submit a motion for attorneys' fees. (*See* Certification, ECF No. 56.) Defendants opposed Plaintiffs' certification on procedural grounds and also disputed the merits of certain charges. (*See* Certification in Opp'n, ECF No. 57.) The Court did not address these submissions. On June 26,

2017, the Court granted Plaintiffs' second motion for summary judgment, remanded the case to the plan administrator, and terminated the matter. (ECF No. 73.)

On July 25, 2017, counsel for Plaintiffs submitted correspondence requesting the Court to reopen the case to address the prior submissions regarding attorneys' fees and permit Plaintiffs to file a second request for additional fees. (ECF No. 74.) On September 12, 2017, the Court entered an Order re-opening the case, terminating Plaintiffs' prior submission, and permitting Plaintiffs another opportunity to file a motion for attorneys' fees. (Sept. 12, 2017 Order, ECF No. 75.) The September 12, 2017 Order specifically informed Plaintiffs that Plaintiffs' March 2016 submission—a certification in support of attorneys' fees—was deficient (*id.* at 2); clarified that "[t]o the extent Plaintiffs believe attorneys' fees were previously awarded to Plaintiffs, this is incorrect" (*id.* at 2 n.1); and provided Plaintiffs with another opportunity to file "a **motion** for counsel fees" (*id.* at 2) (emphasis added), with the specific instruction that the "submission must comply with the Federal Rules of Civil Procedure and the Local Civil Rules." (*Id.* at 2.) The Court ordered that the motion must be filed by September 20, 2017. (*Id.*)

On September 20, 2017, Plaintiffs filed a "Certification . . . in Support of Plaintiffs' Request for Attorneys Fees." (ECF No. 76.) Plaintiffs docketed the submission as a "motion." (*Id.*) On September 26, 2017, the Clerk's office terminated Plaintiffs' submission for failure to comply with the requirements for filing a motion. (Sept. 26, 2017 Clerk's Quality Control Message.) On September 27, 2017, Plaintiffs again filed a "Certification . . . in Support of Plaintiffs' Request for Attorneys Fees" and docketed this submission as a "Certification." Plaintiffs did not file a motion.

Plaintiffs' submission to the Court is again deficient. Plaintiffs did not comply with the Court's Order or the rules governing motions. *See* L. Civ. R. 7.1. The Court issued specific

2

instructions to Plaintiffs in its prior Order and provided Plaintiffs with a final opportunity to file a motion for fees, despite Plaintiffs' failure to file an appropriate motion in the first instance. Plaintiffs' failure to abide by the Court's Order and disregard for the rules governing practice in this Court warrants denial of Plaintiffs' request for fees.

Accordingly,

IT IS on this 11th day of October, 2017 **ORDERED** that:

1. The Clerk shall reopen the matter, effective the date of this Order.

2. Plaintiffs' Certification in Support of Plaintiffs' Request for Attorneys' Fees (ECF No. 77) is DENIED, with prejudice.

3. The Clerk shall close this matter.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE